NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEANNIA D. COWEN, | No. 08-17641 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01138-KJM |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Magistrate Judge, Presiding

Submitted October 6, 2010[**]
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Leannia Cowen appeals the district court's decision affirming the Administrative Law Judge's ("ALJ") denial of her application for disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.     The ALJ properly relied on Cowen's prior inconsistent statements about her illicit drug use, factual contradictions regarding her physical limitations, lack of medical evidence and treatment regimen, and daily activities to find Cowen's testimony was not credible. The ALJ's reasoning is supported by the record and based on acceptable factors. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); Soc. Sec. Ruling 96-7p. The ALJ thus satisfied the "clear and convincing" standard for rejecting a claimant's testimony. *See Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir. 1993).

2.     Cowen's impairments must meet or equal both parts A and B of Listing 12.04 for her to be presumptively disabled under that Listing. *See* 20 C.F.R. Part 404, Subpt. P, App. 12.04. Substantial evidence supports the ALJ's finding that Cowen's impairments did not meet or equal part B, which requires "marked" limitations in two of four listed life activities. *See* 20 C.F.R. Part 404, Subpt. P, App. 12.04(B). "Marked" is defined as "more than moderate, but less than extreme." 20 C.F.R. Part 404, Subpt. P, App. 12.00(C). Both doctors who

performed a psychological evaluation of Cowen concluded that she could function socially and in a work environment. The record reflects that Cowen's treating physician noted her "depression is doing well." Cowen's reliance on the Global Assessment Functioning ("GAF") score of 55-60 assigned by one doctor is misplaced. Even if the GAF was accepted as a method of evaluating the severity of impairments,[1] Cowen admits in her reply brief that her GAF score of 55-60 indicates moderate difficulty in social and occupational functioning. Because "moderate" limitation is less than "marked" limitation, the ALJ had substantial evidence to find Cowen did not meet or equal part B of Listing 12.04.[2]

3.      The ALJ did not err at Step 5 of the disability analysis. First, because the ALJ properly discredited Cowen's testimony, the ALJ had substantial evidence in the form of the remaining medical records indicating Cowen could perform

---

[1]     The GAF score (as a method for evaluating the severity of impairments) has been specifically rejected by the Social Security Administration. 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000).

[2]     Cowen waived her arguments regarding Listings 1.02, 12.04(C) and 12.05(C) by not raising these arguments to the district court. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006); *Edlund v. Massanari*, 253 F.3d 1152, 1158 & n.7, 1160 n.9 (9th Cir. 2001). Cowen made no mention of Listings 1.02 or 12.05 in any of her pleadings or briefs to the district court. In addition, although Cowen raised and argued that she met or equaled Listing 12.04 to the district court, her argument only addressed parts A and B and did not address part C.

medium exertional work.  Second, the ALJ specifically found Cowen's capacity for medium work was not significantly diminished by her nonexertional (mental) limitations of limited public contact and unskilled entry-level work.  If an ALJ finds a claimant's "nonexertional limitations do not significantly affect his exertional capabilities," the ALJ may use the medical-vocational guidelines ("the grids") in lieu of calling a vocational expert.  *See Bates v. Sullivan*, 894 F.2d 1059, 1063 (9th Cir. 1990), *overruled on other grounds by Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc).  Therefore, the ALJ correctly used the grids to find that Cowen was not disabled, and instead, could perform jobs that exist in sufficient numbers in the national economy.

AFFIRMED.